UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DEEP SOUTH TODAY, *d/b/a* VERITE NEWS, GANNETT CO., INC., GRAY LOCAL MEDIA, INC., NEXSTAR MEDIA, INC., SCRIPPS MEDIA INC., and TEGNA INC.<br><br>*Plaintiffs*,<br><br>v.<br><br>LIZ MURRILL, *in her official capacity as Attorney General of Louisiana*, ROBERT P. HODGES, *in his official capacity as Superintendent of the Louisiana State Police*, and HILLAR C. MOORE, III, *in his official capacity as District Attorney of East Baton Rouge Parish*,<br><br>*Defendants*. | CASE NO. 3:24-cv-00623<br><br>JUDGE: JWD – SDJ |

## DEFENDANTS' SUPPLEMENTAL BRIEF

Pursuant to this Court's order (ECF No. 40), Defendants submit the following supplemental authorities in response to Plaintiffs' arguments regarding the application of the unbridled discretion doctrine to their First Amendment facial challenge to Act 259 (ECF No. 41). Plaintiffs' supplemental briefing confirms their last-minute attempt to sustain an unbridled discretion claim fails—for at least three reasons.

*First*, Plaintiffs admit their newfound claim can only be a First Amendment facial challenge. *See* Pls. Suppl. Br. (ECF No. 41) at 1 ("to address the question whether the First Amendment prohibits delegating unbridled discretion to law-enforcement officers"); *id.* at 4 ("the unbridled-discretion doctrine makes clear, 'courts must entertain an immediate facial attack on the law.'").[1] Indeed, the

---

[1] Any application of Plaintiffs' unbridled discretion arguments to their void-for-vagueness challenge under the Fourteenth Amendment or their First Amendment as-applied challenge is therefore misplaced.

Fifth Circuit *requires* these claim be brought as First Amendment facial challenges. *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 427 (5th Cir. 2020) (It "creates proof problems in as-applied challenges."). That admission carries with it an insurmountable hurdle: The Complaint's *only* First Amendment facial claim is for "Facial Overbreadth." Compl. at 16. So Plaintiffs did not bring any "unbridled discretion claim." *Moore v. Brown*, 868 F.3d 398, 406 (5th Cir. 2017). Nor can they override their Complaint's plain language with a passing citation to *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 755 (1988)—especially when used to support their narrow tailoring *overbreadth* objection. *See* Compl. ¶ 71. Though free to do so by amendment, Plaintiffs simply did not press an unbridled discretion claim in their Original Complaint and cannot commandeer their motion-to-dismiss briefing for such an amendment. *See LeBlanc v. DISA Glob. Sols., Inc.*, 2020 WL 8363123, at *4 (M.D. La. Feb. 19, 2020) ("A party cannot amend its complaint in a subsequent brief, and an opposition cannot substantively expand or refine a party's claims presented in its original complaint.").

To the extent Plaintiffs press their unbridled discretion claim *as* an overbreadth claim, they still run headlong into *Moody v. NetChoice, LLC*, 144 S. Ct. 2383 (2024)—the unquestioned controlling test for overbreadth claims that the Supreme Court articulated just six months ago. Under *Moody*, "the question is whether a substantial number of the law's applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Id.* at 2397 (cleaned up). Even had Plaintiffs tried to engage with this test in their briefing, their facial overbreadth claim would still fail, as detailed at length in the motion to dismiss. *See* Defs. Mot. to Dismiss at 21–23. This puts an immediate end to their facial overbreadth challenge to Act 259—no matter its (mis)label.

*Second*, any independent unbridled discretion claim would be futile. For one, Act 259 is not a prior restraint. *Contra Gibson v. Tex. Dep't of Ins.*, 700 F.3d 227, 235 (5th Cir. 2012) ("Prior restraints typically involve administrative and judicial orders such as temporary restraining orders and permanent injunctions *forbidding* certain communications when issued in advance of the time that such

communications are to occur, or, in other words, laws which require a speaker to obtain prior approval for any expressive activities." (cleaned up) (emphasis in original)). Indeed, Act 259 has not restrained *any* speech in the five months since its implementation. *See* Pls. Resp. at 3; Burns Decl. ¶¶ 9–10; Moore Decl. ¶ 8. Unsurprisingly then, Plaintiffs' Complaint contains zero allegations that Act 259—much less these Defendants—blocks their speech absent government's permission. *See, e.g.*, Compl. at 6–7. That alone defeats any unbridled discretion claim, which by definition requires a prior restraint on speech be in effect first. *See Baby Dolls Topless Saloons, Inc. v. City of Dallas, Tex.*, 295 F.3d 471, 483 (5th Cir. 2002) ("The Ordinance does not vest unbridled discretion in the City or in any City official. It is not a prior restraint.").

So Plaintiffs' reliance on *Cox*, *Thornhill*, *City of Lakewood*, and *Eaves* is misplaced. Each analyzed a facial prior restraint on speech. For example, *Cox* concerned a statute that "on its face precludes all street assemblies and parades"—in other words, a prior restraint. *Cox v. Louisiana*, 379 U.S. 536, 555–56 (1965); *see also Thornhill v. State of Alabama*, 310 U.S. 88, 106 (1940) (facial prohibition on loitering and picketing); *City of Lakewood*, 486 U.S. at 753 (facial prohibition on "placement of any structure on public property" without a license); *Int'l Soc. for Krishna Consciousness of Atlanta v. Eaves*, 601 F.2d 809, 815 (5th Cir. 1979) (facial prohibition on "distributing literature" and "soliciting funds at the Atlanta airport" (cleaned up)). In each, the "unfettered discretion in local officials" mattered only to the extent those officials could *lift* the otherwise mandatory prior restraint on speech. *Cox*, 379 U.S. at 558. Far afield, Plaintiffs do not even make the threshold case that Act 259 is a prior restraint on speech. Nor could they.

Two, Plaintiffs provide no principled reason to extend the unbridled discretion doctrine beyond the context of permitting and licensing schemes. Neither the Supreme Court nor the Fifth Circuit has ever extended the doctrine beyond that context. *See, e.g.*, *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989) (declining to decide "whether the 'extraordinary doctrine' … should be extended

to the circumstances of this case"); *Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 553 (1975) ("In each of the cited cases the prior restraint was embedded in the licensing system itself, operating without acceptable standards."); *see also Def. Distributed v. U.S. Dep't of State*, 838 F.3d 451, 472–73 (5th Cir. 2016) (Jones, J., dissenting) (explaining application of prior restraint precedent to government licensing schemes). Indeed, the Seventh Circuit panel in *Nicodemus* raised similar concerns about this identical argument with one judge specifically questioning whether the unbridled discretion doctrine "has … ever been used outside the licensing or permit context." Oral Arg. Recording, *Nicodemus v. City of South Bend*, No. 24-1099 (7th Cir.), at 5:20.[2]

Nor does *Bourgeois v. Peters*, 387 F.3d 1303, 1307 (11th Cir. 2004), stand for the broad principle Plaintiffs wish. There, without clear statutory or municipal authority, the police chief unilaterally instituted "a prior restraint on free speech and assembly" that prohibited protests without first passing a police search with a magnetometer. *Id.* at 1318–19. So, if *Bourgeois* means anything, it only reaffirms *Cox*, *Thornhill*, *City of Lakewood*, and *Eaves*—and the need to *first* identify a prior restraint on speech to invoke the unbridled discretion doctrine. Quite the opposite, Act 259 is a duly enacted state law; it is facially not a prior restraint; and it does not vest anyone with the authority to *lift* such a restraint on speech if one existed at all. *Bourgeois* and its predecessors simply do not map onto this suit.

*Third*, for yet another reason, an unbridled discretion claim would be futile here: such a claim fails due to the ripeness, standing, and sovereign immunity defects raised in Defendants' briefing and emphasized at oral argument. Plaintiffs' supplemental authorities only serve to highlight those jurisdictional defects of their own Complaint. Take *Bourgeois*—there, the plaintiffs pled concrete facts detailing a specific protest from which they were restrained from participating in, barring police scanning and approval. *Bourgeois*, 387 F.3d at 1307; *see also Cox*, 379 U.S. at 545–46 (appellants arrested

---

[2] Recording is available at https://media.ca7.uscourts.gov/sound/2024/ch.24-1099.24-1099_09_27_2024.mp3.

for protesting at the State Capitol building). In contrast, Plaintiffs' Complaint here remains "bereft of facts." *Justice v. Hosemann*, 771 F.3d 285, 294 (5th Cir. 2014); *see Bossier City Med. Suite, Inc. of Tex. v. Greenstein*, 781 F. Supp. 2d 313, 318 (M.D. La. 2011), *aff'd sub nom. Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710 (5th Cir. 2012) (claims not ripe where "Plaintiffs have not yet been—and may never be—refused licenses and have not been subject to revocation or suspension proceedings" under challenged law). Accordingly, this Court also lacks jurisdiction to entertain Plaintiffs' challenges to Act 259 under their newfound unbridled discretion theory.

Dated:   December 16, 2024                    Respectfully submitted,

                                                         /s/ Caitlin Huettemann
Caitlin A. Huettemann (La #40402)
*Assistant Solicitor General*
Zachary Faircloth (La #39875)
*Principal Deputy Solicitor General*
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6705
Facsimile:   (225) 326-6795
huettemannc@ag.louisiana.gov
fairclothz@ag.louisiana.gov

*Attorneys for Defendants Liz Murrill, in her official capacity as Attorney General of Louisiana, Robert P. Hodges, in his official capacity as Superintendent of the Louisiana State Police, and Hillar C. Moore, III, in his official capacity as District Attorney of East Baton Rouge Parish*